**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**PENTHOUSE OWNERS ASSOCIATION, INC.**                                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO.1:07CV568 LTS-RHW**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**                    **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

The Court has before it the motions [156] [159] of Penthouse Owners Association, Inc., (Penthouse) *in limine* to exclude the following evidence:

1.      Testimony supporting the defendant's having denied the Penthouse claim on the grounds that Penthouse had received flood insurance benefits; and

2.      Testimony supporting the defendant's having denied the Penthouse claim on the grounds that the covered loss did not exceed the policy deductible.

In support of these motions, Penthouse asserts that the sole grounds stated by Certain Underwriters at Lloyd's, London (Lloyd's) at the time Lloyd's denied the Penthouse claim was Lloyd's conclusion that all of the damage to the insured property was caused by flooding, a cause of loss Lloyd's determined to be excluded from coverage under its policy.  Penthouse asserts that because Lloyd's did not rely upon Penthouse's receipt of flood insurance benefits or upon Penthouse's losses being less than the policy deductible as grounds for denying the Penthouse claim, Lloyd's should not be allowed to present any evidence on these points at trial.  I will grant in part and deny in part the Penthouse motions.  In the event this trial reaches consideration of the issue of punitive damages, Lloyd's will be limited to the presentation of evidence that was in its hands at the time it denied Penthouse's claim with respect to the issue of whether Lloyd's had a legitimate or arguable reason to deny this claim.  On all other issues, Lloyd's will not be so restricted.

Penthouse relies upon *Sobley v. Southern Natural Gas Co.*, 210 F.3d 561, 564 (5th Cir. 2000), to support its contention that an insurer may only present defenses based upon the reasons the insurer gave to the policyholder when it denied the claim. The case Penthouse relies upon, however, was not the final word on this point of law. After the initial Fifth Circuit opinion cited by Penthouse, the case came back before the Fifth Circuit, and the original holding of the case was modified in *Sobley v. Southern Natural Gas Co.*, 302 F.3d 325 (5th Cir. 2002).

This subsequent opinion held that regardless of the reason it originally gave the policyholder for denying a claim, an insurer may defend on the merits of the claim based on any policy defense it may have.  This holding is relevant to the first phase of a trial in which the issue is the plaintiff's claim for compensatory damages.

In the second phase of the trial, when evidence on the issue of punitive damage is presented, the validity of the defendant's decision to deny the claim must be evaluated in light of the information in the defendant's hands at the time the claim was denied.  This is the information the Court and ultimately the jury may consider in determining whether the insurer had a legitimate or arguable reason for denying the claim.

Accordingly, I will permit Lloyd's to present any policy defense it has at the time of trial, and I will allow Lloyd's to present any relevant and otherwise admissible evidence in support of these defenses in the first phase of the trial.  If the jury returns a verdict in favor of Penthouse and the trial proceeds to a second phase, I will consider, and I will instruct the jury to consider, only the facts in Lloyd's hands at the time the claim was denied in order to decide the question: did Lloyd's have a legitimate or arguable reason for its denial of the Penthouse claim at the time the denial was made?

The determination whether the insurer had a legitimate or arguable reason for denying the claim is the first of two issues that must be considered in deciding the plaintiff's claim for punitive damages.  If I determine that there is sufficient evidence to create a question of fact on this first issue, I will proceed to the second question: did Lloyd's commit a willful or malicious wrong or act with gross negligence or reckless disregard for the rights of Penthouse in handling its claim?  On this second issue, I will allow Lloyd's to present any relevant and otherwise admissible evidence that sheds light on its decisions at any stage of the claims handling process.  I must allow this evidence because Lloyd's has a continuing duty to fairly evaluate the Penthouse claim even after litigation has begun.  Therefore, if and when we reach the second issue in the second phase of this trial, I will allow both parties to submit evidence that sheds light on the entire claims handling process. See: *State Farm Mut. Auto Ins. Co. v. Grimes*, 722 So.2d 637 (Miss.1998).

In my recent ruling on Lloyd's' motion for summary judgment, I determined that the hurricane deductible endorsement, when read with the policy's flood exclusion, created an ambiguity and that the deductible endorsement therefore granted coverage for all damages caused by the storm, direct and indirect.  I determined that the storm surge flooding was an indirect result of the windstorm and that this storm surge flooding damage was therefore a covered loss.  I understand that during this entire litigation the dispute between Penthouse and Lloyd's has been centered on the issue of wind damage v. water damage, with both parties proceeding under the assumption that flood damage was excluded from coverage by the Lloyd's policy.

Under the holding in *Sobley v. Southern Natural Gas Co.*, 302 F.3d 325 (5th Cir. 2002) the fact that Lloyd's may have interpreted its policy in a way different from my interpretation of the policy, and Lloyd's reliance on its own interpretation in adjusting the Penthouse claim is not, in this instance, sufficient to establish that Lloyd's was acting in bad faith.  Even though the Lloyd's interpretation may turn out to be incorrect, a defense on the basis of this erroneous interpretation may be made in good faith.

An appropriate order will be entered.

**DECIDED** this 10th day of July, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE