UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PENTHOUSE OWNERS ASSOCIATION, INC.**                                            **PLAINTIFF**

**V.**                                                                        **CIVIL ACTION NO.1:07CV568 LTS-RHW**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**                              **DEFENDANT**


<u>**MEMORANDUM OPINION AND ORDER
ON MOTION IN LIMINE DEALING WITH TESTIMONY CONCERNING
DEFENDANT'S COUNSEL**</u>

  The Court has before it the motion [158] of Plaintiff Penthouse Owners Association, Inc. (Penthouse), to exclude any mention, reference, or evidence related to the defendant's reliance on advice of counsel in connection with the handling of the Penthouse claim.  Penthouse also asks the Court to exclude any reference to defendant's counsel or the advice given to the defendants by their counsel.  As grounds for this motion Penthouse asserts that its discovery efforts concerning this advice were thwarted by the defendant and that the defendant should therefore not be permitted to offer this evidence at trial.

  Certain Underwriters at Lloyd's, London (Lloyd's) asserts that it has not relied on advice of counsel as a defense in this action and that it has no intention of calling any of its attorneys as part of its case in chief.  Lloyd's wishes to reserve the right to offer testimony from its attorneys in rebuttal of "any adverse insinuation by Plaintiff at trial concerning their role in the adjustment of the loss."  This rebuttal testimony would concern "solely the facts surrounding counsel's role in the adjustment process and their communication with experts and Plaintiff's counsel."  Lloyd's also reserves its right to reconsider its position regarding the advice of counsel in light of the Court's July 2, 2008, ruling [166] on the defendant's motion for summary judgment.

  The testimony of any witness not identified in the pre-trial order and for whom complete disclosures have not been made during discovery will not be allowed in either party's case in chief.  Rebuttal testimony may be allowed upon a showing that a party has been surprised by testimony in his opponent's case in chief.  Rebuttal witnesses may not be used as a way to avoid an opponent's legitimate efforts to obtain relevant information during discovery.

  If Lloyd's intends to change its position on the advice of counsel defense it may do so by an appropriate motion to amend the pre-trial order if necessary.  I will consider the merits of this issue if and when such a motion is filed, and I will also then revisit the issue of discovery concerning this defense.

      I will deny the Penthouse motion at this time without prejudice to Penthouse's right to renew this objection if Lloyd's undertakes to offer the testimony of its counsel for any purpose inconsistent with its statements in its opposition memorandum [179] for this motion *in limine*.

      Accordingly, it is

**ORDERED**

      That the plaintiff's motion in limine to exclude testimony concerning plaintiff's counsel is **DENIED** without prejudice to the right of the plaintiff to renew its motion if such testimony is offered by the defendant in a manner inconsistent with its statements in its opposition memorandum [179] for this motion *in limine*.

      **SO ORDERED** this 10th day of July, 2008.

                                        s/ <u>L. T. Senter, Jr.</u>
                                        L. T. SENTER, JR.
                                        SENIOR JUDGE