UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PENTHOUSE OWNERS ASSOCIATION, INC.**                              **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO.1:07CV568 LTS-RHW**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER ON MOTION *IN LIMINE* TO EXCLUDE TESTIMONY CONCERNING EXTENT OF WATER DAMAGE TO THE INSURED PROPERTY

The Court has before it the motion [161] of Plaintiff Penthouse Owners Association, Inc. (Penthouse), to exclude testimony by Jason Grover, Paul Colman, William Worsham (Rimkus engineers), and Derrell Livingston (Livingston) (an adjustor for Crawford & Company) regarding the dollar amount or percentage of damage caused by wind, and whether that amount would exceed the policy deductible. As grounds for this motion, Penthouse asserts that these witnesses' estimates on these issues were not disclosed during discovery.

I can infer from Lloyd's response to this motion that neither Livingston nor the Rimkus engineers made an estimate of the amount of damage or the percentage of damage attributable to wind versus water and that no such estimate was disclosed to Penthouse during discovery. If my inference is correct, and these four individuals did not make an estimate of the extent of damage caused by wind versus water, either as a dollar amount or a percentage of the total damage, and if their estimates, if any, were not disclosed to Penthouse during the discovery process, they will not be allowed to make such an estimate now and express their opinion in those terms on the witness stand. Similarly, if these witnesses have not disclosed their opinions whether the wind damage exceeded the $175,000 policy deductible, they will not be allowed to express that opinion from the witness stand. Allowing such previously undisclosed opinion testimony would deprive Penthouse of a fair opportunity to prepare a response.

Lloyd's asserts that it should be able to present evidence concerning the deductible under this policy, and that information concerning the deductible is included in Livingston's appraisal report. If that is the case, Livingston will be allowed to testify about the policy deductible. Likewise, the other three witnesses who have included the deductible as part of their reports or who have testified about the policy deductible by deposition will be allowed to testify to matters included in their reports or in their deposition testimony. Any other disclosed witness who is in a position to testify concerning Lloyd's use of the property damage estimates submitted by Penthouse will be permitted to testify to matters within their knowledge, provided a fair disclosure was made of this testimony during discovery.

If these four witnesses have not already formed and disclosed their opinion whether the extent of wind damage was less than the policy deductible, they will not be permitted to testify concerning this issue at trial. Expert testimony comparing the amount of wind damage to the $175,000 policy deductible is an indirect way of giving an opinion that the wind damage was less than $175,000. Such an opinion would be admissible if it has been disclosed, but it is not admissible if no such disclosure was made during discovery.

Testimony by the four witnesses Penthouse has identified as to the amount or percentage of damage caused by wind versus water and a comparison between the amount of wind damage and the policy deductible will be excluded from evidence unless Lloyd's can demonstrate that this information was disclosed to Penthouse during discovery.

Accordingly, it is

**ORDERED**

That the plaintiff's motion [161] *in limine* to exclude testimony by Derrell Livingston, Jason Grover, Paul Colman and William Worsham as to the amount or the percentage of damage attributable to wind versus water and a comparison between the amount of wind damage and the $175,000 policy deductible is **GRANTED**.

**SO ORDERED** this 10th day of July, 2008.

> s/ L. T. Senter, Jr.
> L. T. SENTER, JR.
> SENIOR JUDGE