UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


PENTHOUSE OWNERS ASSOCIATION, INC.                                             PLAINTIFF

V.                                                                         CIVIL ACTION NO. 1:07cv568-LTS-RHW

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON                                        DEFENDANT


### ORDER

There are numerous pending motions *in limine* filed by the respective parties.  This order addresses those filed by the Defendant (Lloyd's).  It should be noted that all of these motions (along with Plaintiffs' motions *in limine*) were filed before this Court entered its [166] order denying Lloyd's' [111] motion for summary judgment.  The following rulings take into account that order.

1. Lloyd's' [143] request to exclude evidence, testimony, or argument relating to a contract between Plaintiff and a builder to replace the destroyed condominium complex with modular townhomes is **GRANTED**.  This motion ties in with the replacement cost coverage provisions of the subject insurance policy.  While Lloyd's partially argues that the proposed replacement units are not of comparable material and quality to the original brick condominiums, and Plaintiff counters that the new construction is actually less costly than the old, section G. of the Building and Personal Property Coverage Form (with the heading of Optional Coverages), and specifically subsection 3.d(1) and (2) (addressing Replacement Cost) provides that this coverage is not triggered "[u]ntil the lost or damaged property is actually repaired or replaced; and [u]nless the repairs or replacement are made as soon as reasonably possible after the loss or damage."  Subsection e. and its subparts limit the amount of the payment that may be recovered.  There is no evidence before the Court that the lost or damaged property has been actually repaired or replaced, or that the repairs or replacement, if any, were made as soon as reasonably possible after the loss, and Plaintiff may not nullify the clear and unambiguous terms of the subject insurance policy.

2. Lloyd's' [144] request to bifurcate trial proceedings is **GRANTED IN PART** and **DENIED IN PART**.  This case will be tried in accordance with Mississippi law as to bifurcation with respect to the claims for compensatory damages, i.e., the underlying contractual claim, on the one hand, and punitive damages, on the other.  Counsel may make statements at the beginning of each phase that is held.  Plaintiffs will be allowed to address the issue of punitive/extra-contractual damages in *voir dire* subject to further direction from the Court.

However, Lloyd's also attempts to exclude evidence of its claims handling procedure in the initial phase of the trial. This Court, on numerous occasions and citing familiar precedent, has observed that it is difficult to envision a breach of an insurance contract suit without consideration of the policy provisions or the procedure utilized in handling the claim. This is true even if punitive damages were not sought. Plaintiff will be allowed to introduce evidence concerning the manner in which Lloyd's handled this claim (keeping in mind that the Court will instruct the jury on the applicable law), whether that relates to the policy provisions or the procedure adopted by Lloyd's in applying them (and what was done and not done in that process).

3. Lloyd's' [145] request to exclude draft documents prepared by Rimkus Engineering (Rimkus) is **DENIED**. Although Rimkus is not and never has been a defendant in this cause of action, it is anticipated that Rimkus employees may be called as witnesses. Any reports prepared as part of the claim investigation are fair subjects for inquiry (whether on direct or cross examination), and both parties may explore these reports, and to the extent they feel necessary, as is deemed appropriate by the Court, the circumstances surrounding the preparation and use of those reports. As a general proposition, the Court will not exclude reference to the reports on an across-the-board basis.

4. Lloyd's' [146] request to exclude evidence or argument about the alleged failure of adjuster Derrell Livingston to receive a copy of the final Rimkus report is **DENIED**. This Court has ruled already that Plaintiff will be allowed to introduce factual evidence concerning the manner in which Lloyd's handled this claim and the sequence of events that occurred in that process, keeping in mind that the Court will instruct the jury on the applicable law. Although Lloyd's maintains that Livingston had no authority to make coverage decisions on its behalf, it was Livingston who issued the denial letter to Plaintiff (*see* Exhibit 9 (part 19) to [111] Motion for Summary Judgment). The inferences and conclusions to be drawn from that evidence will be made by the jury as the finder of fact. Asking the Court to circumvent that role is not appropriate.

5. Lloyd's' [147] request to exclude evidence, testimony, or argument relating to other Katrina-related litigation involving Rimkus is **GRANTED**. Plaintiff has not filed a response to this motion. Nevertheless, once again, Rimkus is not and never has been a defendant in this cause of action. Any evidence of this nature may pose the danger of confusion of the issues, which may tend to mislead the jury and would otherwise cause delay and waste time. Fed. R. Evid. 403.

6. Lloyd's' [148] request to exclude references or evidence relating to payments made by it to policyholders other than Plaintiff is **HELD IN ABEYANCE**. Inasmuch as Plaintiff has not responded to this motion, either, and the Court is unclear as to any specific evidence Lloyd's has in mind, the Court has no alternative but to wait and see how the proof develops along these lines.

7. Lloyd's' [149] request to exclude evidence, testimony, or argument that Plaintiff's property was destroyed solely by wind is **GRANTED,** to the extent it may be relevant. This

Court's [166] order also concluded that Plaintiff's "damages must be calculated in accordance with its recovery of other insurance benefits (what jumps to mind is the co-insurance provision) and the total value of the destroyed property, as well as taking into account the application of the deductible."  The co-insurance includes flood benefits received by Plaintiff.  This point may be moot in that calculations of damages may not have anything to do with the cause of the loss.

      8.  Lloyd's' [150] request to limit evidence, testimony, or argument regarding the establishment of and changes to reserves in connection with Plaintiff's claim for policy benefits is **GRANTED**.  As Lloyd's points out, reserves are part of a business accounting method that does not establish the amount of or obligation for the loss.  Any evidence of this nature may pose the danger of confusion of the issues, which may tend to mislead the jury and would otherwise cause delay and waste of time.  Fed. R. Evid. 403

      9.  Lloyd's' [151] request to exclude evidence, testimony, or argument relating to other properties investigated by Rimkus and on which it issued reports is **GRANTED**.  *See* ¶ 5 *supra* .

      **SO ORDERED** this the 10th day of July, 2008.

                                                           s/ L. T. Senter, Jr.
                                                           L. T. SENTER, JR.
                                                           SENIOR JUDGE