UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PENTHOUSE OWNERS ASSOCIATION, INC.                                              PLAINTIFFS

V.                                                           CIVIL ACTION NO. 1:07cv568-LTS-RHW

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON                              DEFENDANTS

**<u>ORDER</u>**

Plaintiff has filed a [197] motion for this Court to reconsider and/or clarify its [193] Order concerning the admissibility of evidence of the replacement cost of the Plaintiff's' destroyed condominium complex.  Consistent with its rulings in other cases, the Court is of the opinion that the requested relief should not be granted.

In order to qualify for the replacement cost coverage provisions under the insurance policy, the lost or damaged property must be "actually repaired or replaced," AND the repairs or replacement must be "made as soon as reasonably possible after the loss or damage."  The Court observed in its [193] order that no evidence was presented reflecting that the requirements of these two "clear and unambiguous terms of the subject insurance policy" have been met.

Plaintiff acknowledges the policy language, but alleges that "both of these contract provisions have now been satisfied *or should be deemed satisfied*."  (Emphasis supplied)  The argument offered in support is a half circle: because Defendant denied the claim for benefits, the Plaintiff was either hindered or precluded from being able to replace the property and should not be required to meet this first condition.  But the policy requires that the lost or damaged property must be "actually repaired or replaced" before the replacement cost provisions are triggered.  Even assuming that the second clause of the policy requirement has been met (that Plaintiff is repairing or replacing the lost property as soon as reasonably possible), it does not satisfy the first clause.  Plaintiff has still not presented persuasive authority or argument to nullify the clear and unambiguous terms of the subject insurance policy.  The Court is going to be consistent in its rulings and consider all of the policy language.  The Court changed nothing in the Windstorm or Hail endorsement, and it is not going to change the replacement cost provision.

What other insurance companies do is not relevant to this cause of action.  Any entitlement to damages will be governed by the terms of the insurance policy at issue here, which makes a distinction between actual cash value and replacement cost (and does not make one exclusive of the other).  *See* pp. 10-14 of policy, Exhibit A to [1] Complaint.  Having not accomplished replacement of the insured property, Plaintiff will not be allowed to present evidence of replacement cost.

Accordingly, **IT IS ORDERED**:

Plaintiff's [197] Motion to reconsider and/or clarify is **DENIED**.

**SO ORDERED** this the 21st day of July, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE
