UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PENTHOUSE OWNERS ASSOCIATION, INC.                                                    PLAINTIFF

V.                                                                     CIVIL ACTION NO. 1:O7cv568-LTS-RHW

CERTIFIED UNDERWRITERS AT LLOYD'S, LONDON                      DEFENDANT

**<u>ORDER</u>**

On July 2, 2008, this Court issued an [166] Order denying Defendant's [111] Motion for Summary Judgment.  Defendant then moved [183] for reconsideration of this order, which this Court denied on July 21 [201].  Defendant now requests [203] that this Court, pursuant to 28 U.S.C. § 1292(b), "certify for interlocutory appeal the Court's Order Filed July 2, 2008 . . . denying [Defendant's] Motion for Summary Judgment."  Except for the fact that the current request is almost a recapitulation of its motion for reconsideration, only passing reference is given to the Court's second order, which arguably contains a better analysis of the deductible endorsement issues than the first.

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of the appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided*, *however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Although the Court is extremely familiar with the entirety of the insurance policy issued to Plaintiff by Defendant, this time a copy of a windstorm or hail endorsement from another case (presumably issued by other underwriters) is offered by Defendant (interestingly, the heading of that one also reads "THIS ENDORSEMENT CHANGES THE POLICY").  Defendant makes a circuitous argument to reach the conclusion that the orders in the instant case are in conflict with an order in the other case, speculating what the Court "must have found."  Let it be made clear here and now: that opinion did not make such a finding, and the Court's order on reconsideration addressed that decision, as well as another in which the precise issue of the interpretation of the endorsement was directly before the Court.  Of course, Defendant ignores the latter decision.

  This Court also distinguished policies considered in appellate court decisions that do not mirror the language in the policy currently before the Court.  Little can be added to this Court's prior statements that the interpretation of a contract may only occur in the context of the entire document and the particular language used in it.

  As for the question of whether an appeal will materially advance the ultimate termination of the litigation, the answer is an emphatic no.  This case is set for trial on August 11, 2008.  The case can be tried before the Fifth Circuit decides whether it will even permit an appeal.  The appeal will then run what may be a lengthy course.  For example, the *Tuepker* case was certified on September 27, 2006 (2006WL2794773), and was not concluded at the appellate level until November 6, 2007 (507 F.3d 346).  Because of a high/low agreement regarding the outcome of the appeal, no further proceedings were necessary.  Also in *Tuepker*, the Court was faced with a heavy docket of State Farm Hurricane Katrina cases which were potentially affected  (still, pending cases proceeded apace).  The same factors are not present here.

  Accordingly, it is this Court's determination, pursuant to 28 U.S.C. § 1292(b), that neither the [166] Order denying Defendant's [111] Motion for Summary Judgment, nor the [201] Order denying Defendant's [183] Motion for Reconsideration involve controlling questions of law as to which there is substantial ground for difference of opinion.  Furthermore, an immediate appeal from them will not materially advance the ultimate termination of the litigation.  Therefore, Defendant's [203] Motion to Certify for Interlocutory Appeal is **DENIED**.

  **SO ORDERED** this the 23rd day of July, 2008.

            s/ L. T. Senter, Jr.
            L. T. SENTER, JR.
            SENIOR JUDGE