UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


PENTHOUSE OWNERS ASSOCIATION, INC.                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:07cv568-LTS-RHW

CERTAIN UNDERWRITERS AT LLOYD'S LONDON                DEFENDANT


**<u>ORDER</u>**

Describing the posture of this cause of action as strange or unusual is an understatement. At the pretrial conference held on July 23, 2008 (after being rescheduled because of a muddled proposed pretrial order), several issues were discussed that gives the Court pause about the course of future proceedings.

The Court denied Defendant's [183] Motion for Reconsideration of this Court's [166] Order denying Defendant's [111] Motion for Summary Judgment, as well as its [185] Motion to Continue Trial and [186] Motion to Reopen Discovery by [201] Order dated July 21, 2008.  It is a common mistake for counsel to believe that the Federal Rules of Civil Procedure recognize a motion for reconsideration.  However, this is not the case.  *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).  The appropriate vehicle for relief from the Court's [166] order is Rule 60.

What makes this case so strange or unusual is that Defendant's [111] Motion for Summary Judgment was based primarily on its position that Plaintiff was not entitled to recover any policy benefits because so-called "wind" damage did not exceed the amount of the applicable deductible defined in a separate endorsement; instead, it received an order with not only an adverse ruling on the motion but what it claims was a judgment in Plaintiffs' favor that was entered without the procedural safeguards it argues are provided by Fed. R. Civ. P. 56.  In fact, no judgment was entered because there was no other motion for summary judgment pending.

Plaintiff, on the other hand, seems to care not the least whit that it has this so-called "judgment" in hand.  It has expressed a willingness to keep this case within the scope of a straight wind/water dispute, confident that it will establish wind damages to warrant policy limits (even after accepting the limits of its flood policy, which exceed the limits of the policy it has with Defendant) and that it will be entitled to seek from the jury punitive damages for the manner in which Defendant conducted its investigation and made its claim decision.

The major topic of discussion at the pretrial conference, in light of the Court's other rulings, was the actual cash value of the insured property (one thing the parties could agree to is

the method of calculating benefits under the policy).  The Court previously ruled (twice, in fact–[193] and [202]) that Plaintiff would be limited to this basis of recovery and not replacement cost because the latter is not recoverable under the policy "[u]ntil the lost or damaged property is actually repaired or replaced," which has not occurred.  The Court also raised the question of how a corporation establishes actual cash value, and later requested the parties to submit authority on this particular issue.  The material they supplied is somewhat helpful, but perhaps not in the manner intended.

The general proposition is that a landowner or homeowner may give testimony as to the value of his land or property given the presumption of special knowledge arising from its ownership.  This is not an unlimited ability.  In *Potters II v. State Highway Commission*, 608 So. 2d 1227 (Miss. 1992), the Mississippi Supreme Court observed that "the landowner can[not] get on the witness stand and say anything he wants," *Id.* at 1235, and "[n]othing . . . empowers a landowner to present an opinion based upon legally irrelevant factors." *Id.*  There must be a rational basis for any opinion he expresses concerning value.

The testimony by an owner as to value is governed by Rule 702 of the Federal Rules of Evidence (experts).  This is made abundantly clear in the Advisory Committee Notes to the 1972 proposed rules:

> The rule is broadly phrased.  The fields of knowledge which may be drawn upon are not limited merely to the "scientific" and "technical" but extend to all "specialized" knowledge.  Similarly, the expert is viewed, not in a narrow sense, but as a person qualified by "knowledge, skill, experience, training or education."  Thus within the scope of the rule are not only experts in the strictest sense of the word, e.g., physicians, physicists, and architects, but also the large group sometimes called "skilled" witnesses, such as bankers or *landowners testifying to land values*.

(Emphasis supplied)

This does not mean that a landowner is not qualified to offer valuation testimony.  *See, e.g., LaCombe v. A-T-O, Inc.*, 679 F.2d 431, 434 (5th Cir. 1982) ("The real issue in this case is not testimonial qualification but admissibility" and "The basis of [owner's] value testimony goes to its weight, however, not to its admissibility").

There are two matters especially bothersome to the Court: 1) now that replacement cost has been eliminated as a method to establish damages, the "owner" has not been designated as an expert so as to trigger the basic rules of discovery allowing the Defendant to inquire into the basis for the "expert" opinion; and 2) the Court is not convinced that a corporate representative is competent to testify as to the value of land owned by a corporation as an "owner."  The parties have not presented any Fifth Circuit or Mississippi law on this latter point, and the C. J. S. material offered by Plaintiff is typical of that legal encyclopedia ("Under some authority" there is one rule; "Under other authority" there is another).

Before moving on, the Court finds it necessary to comment on a legal issue raised by Defendant in the pretrial order, namely "[w]hether the Plaintiff is bound by the statement of values it provided to [Defendant] in its application for insurance."  The Defendant has supplied the application, and the Court is less than impressed by Defendant's description of a "statement of values."  What the application–unsigned by the applicant–contains is the amount of insurance requested on each building (the same as the coverage afforded in the policy), with valuation being shown as "RC" (presumably Replacement Cost).  This does not establish value and Plaintiff is not "bound" by the application.

Now we come around to Rule 60, which provides in relevant part that the Court may relieve a party from an order for "any other reason justifying relief from the operation of the [order]."  There is no need to revisit the Court's substantive rulings on the interpretation of the windstorm deductible endorsement.  In fact, the Court is still convinced that it is on solid substantive legal ground with respect to the interpretation of the entire contract, and that the other factors for relief listed in Rule 60 do not apply.

Upon further reflection, however, there is reason to justify relief from the order because the Court now believes that Defendant should have the opportunity to conduct "discovery specific to the issue on which the Court based its ruling denying summary judgment to Defendant," [183] Motion for Reconsideration at p. 8 n. 1, even if it includes exploring the issuance of a policy that was drafted by Defendant.  Ultimately this contract interpretation issue will likely be decided at trial on a motion under Fed. R. Civ. P. 50.

At the same time, it appears that Plaintiff may be at risk on the valuation of the property and establishing its damages.  It is the Court's opinion that Plaintiff must retain an expert for this purpose, and may not rely on testimony of a corporate representative who has not been designated as an expert witness.

The upshot of all this is that the Court is going to continue the trial of this case for a very short time to allow the parties to follow the above directions.  This matter is referred to the United States Magistrate Judge to reopen discovery and set a new expert disclosure date and a new trial date consistent with this order.

**SO ORDERED** this the 1st day of August, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE