UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PENTHOUSE OWNERS ASSOCIATION, INC.                                            PLAINTIFFS

V.                                                          CIVIL ACTION NO. 1:07cv568-LTS-RHW

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON                            DEFENDANTS

# ORDER

Plaintiff has filed a [224] Motion to Consolidate Cases and a [253] Motion for Continuance or, in the alternative, Setting of a Second Trial on Replacement Cost on the premise that both requests further the ends of justice and judicial economy, and that neither will result in unnecessary cost or delay. The Court disagrees with both suggestions, for the only harms resulting from the motions are that justice and judicial economy will not be served, and that further cost and delay will be guaranteed.

In its [208] Motion for Leave to Use Evidence of Replacement Cost to Prove Extra-Contractual Damages, Plaintiff represented (in bold letters) that it was not seeking to have the Court reexamine its decisions on Plaintiff's request to use replacement cost as the measure of its contractual damages. It does not, and can not, make such a representation in the [253] Motion for Continuance, which alternatively asks for a *second trial* to allow it to recover on a replacement cost basis. By its very nature, a second trial increases costs and causes delay, and compromises judicial economy.

This Court has been very clear on the issues. It is unnecessary for Plaintiff, which chose to file this lawsuit when it did and under the circumstances then prevailing, to quote the policy language yet again. Furthermore, nothing giving rise to the continuance of the trial to February 2009 has changed. A continuance and a second trial will not be allowed; both will contravene the orderly management of this case and the Court's prior rulings.

Unfortunately, the pleadings give the appearance that delay is Plaintiff's actual goal. This impression is confirmed by the [224] Motion to Consolidate. On October 27, 2008, *Barbara, et al. v. Certain Underwriters at Lloyd's, London*, No. 1:08cv1365, was filed in this Court on the theory that Plaintiffs in that case, who are individual owners of condominiums comprising the Penthouse complex, are third party beneficiaries to the insurance policy which is the subject of the instant case. A Motion to Consolidate is also pending in *Barbara* (docket entry [7]).

The Defendant argues in the instant case [245] that the *Barbara* plaintiffs have no standing there, and will be filing in the near future a formal motion to dismiss for failure to state a claim in *Barbara*. Regardless, both parties recognize the Court's broad discretion in determining whether consolidation is appropriate. The newly filed *Barbara* introduces entirely new issues of fact and law that must be explored. The Court agrees with Defendant's point of

view that Plaintiff's request to consolidate is questionable, given that two years of litigation have elapsed and trial is scheduled in the instant case. The Motion to Continue filed after Defendant stated its position opposing consolidation (indeed, the Defendant forecast in its [245] response a request by Plaintiff to continue the trial) only adds on to the unfair prejudice to Defendant, and the associated delay, confusion, and waste of time. The [224] Motion to Consolidate is not well taken.

Accordingly, **IT IS ORDERED**:

Plaintiff's [224] Motion to Consolidate cases is **DENIED**;

Plaintiff's [253] Motion to Continue Trial or, in the alternative, for Setting of a Second Trial on Replacement Cost is **DENIED**.

**SO ORDERED** this the 19th day of December, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE