# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**PENTHOUSE OWNERS ASSOCIATION, INC.**                  **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO.1:07CV568 LTS-RHW**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER ON MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF RAY DELOTEUS AND AL LEWANDO

The Court has before it the motion [266] *in limine* of Certain Underwriters at Lloyd's London (Lloyd's) to exclude the anticipated testimony of Ray Deloteus (Deloteus) and Al Lewando (Lewando) concerning the actual cash value of the insured property at the time of loss.

Penthouse Owners Association, Inc. (Penthouse) has identified both Deloteus and Lewando as expert witnesses who will be called to testify concerning the value of the insured property. Lloyd's contends that neither Deloteus nor Lewando is qualified to give expert testimony under Rule 703 of the Federal Rules of Evidence. Lloyd's has not supported its motion by affidavits, but it has submitted Penthouse's designation of these two individuals as experts along with portions of their deposition testimony.

Penthouse has responded to this motion by submitting the affidavits [301] of these two witnesses. These affidavits say very little about the affiants' expertise in estimating the value of real estate, but the affidavits do establish these individuals' first-hand knowledge of the bidding process to replace the insured property with buildings of like kind and quality. This is sufficient to allow the witnesses to testify at trial as fact witnesses.

### Affidavits of Ray Deloteus and Al Lewando

Penthouse has submitted Deloteus's affidavit and Lewando's affidavit stating that they both participated in the bidding process for the replacement of the condominiums destroyed by the storm. According to their affidavits, "The lowest and best bid to replace the Penthouse Buildings with structures of like kind and quality was in the amount of $11,957,200.00." If there are facts that substantiate this assertion, Deloteus and Lewando are in a position to offer relevant testimony on the replacement cost of the insured property, the starting point for estimating the actual cash value of this property on the date of loss.

The assertion at issue is not offered in the form of an opinion. Rather, it is a statement that asserts many underlying facts, i.e. that there was a bidding process for the replacement of the insured buildings with structures of like kind and quality, that the lowest acceptable bid was $11,957,200.00, and that this was a legitimate bid that was ultimately rejected in favor of another building plan. All of these underlying facts must be established by relevant evidence (e.g., documents such as blue prints, bid proposals, bids, etc.), but once Penthouse has done that, both Deloteus's testimony and Lewando's testimony are relevant and admissible on the issue of replacement cost.

The facts disclosed in these witnesses' affidavits are not sufficient to meet the criteria of Rule 703 of the Federal Rules of Evidence. Penthouse has not established that these witnesses are "qualified by knowledge, skill, experience, training or education" to express an opinion concerning the actual cash value of the insured property at the time of loss, and they will not be allowed to express their opinions as experts under Rule 703 of the Federal Rules of Evidence.

Accordingly, it is

**ORDERED**

That the motion [266] *in limine* of Certain Underwriters at Lloyd's, London to exclude the expert testimony of Ray Deloteus and Al Lewando is hereby **GRANTED** without prejudice to the right of Penthouse Owners Association, Inc., to present the testimony of these individuals as fact witnesses.

**SO ORDERED** this 10th day of March, 2009.

                                                        s/ L. T. Senter, Jr.
                                                       L. T. SENTER, JR.
                                                       SENIOR JUDGE