**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**PENTHOUSE OWNERS ASSOCIATION, INC.**                       **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO.1:07CV568 LTS-RHW**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER ON MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF MARTIN WINFREE

The Court has before it the motion [292] *in limine* of Certain Underwriters at Lloyd's London (Lloyd's) to exclude the anticipated testimony of Martin Winfree (Winfree) concerning the value of the insured property. Lloyd's challenges the original opinion expressed by Winfree, an opinion formed without reference to the replacement cost of the insured property.

Winfree is an expert witness. Penthouse Owners Association, Inc. (Penthouse), retained Winfree to estimate the actual cash value of the three insured buildings at the time of loss. According to Winfree's deposition testimony, Penthouse's representatives told Winfree he would have to make his estimate of actual cash value without reference to the replacement cost of the three buildings. Winfree testified that the normal way an actual cash value estimate is made is by starting with replacement cost and then calculating the amount of depreciation that had occurred by the time of the loss.

Winfree's instructions were based on an erroneous interpretation of my prior rulings concerning replacement cost *coverage* under the Lloyd's policy. It is undisputed, as far as I can determine, that the insured buildings have not yet been replaced. The Lloyd's policy allows an insured to accept payment on an actual cash value basis and still make a claim for replacement cost. In order to qualify for replacement cost coverage, the insured must 1) actually replace the insured property; 2) notify Lloyd's of its intention to make a claim for replacement cost coverage within 180 day of the date of loss; and 3) replace the insured property as soon as it is reasonably possible to do so.

Obviously, if the insured property has not yet been replaced, a valid claim for replacement cost *coverage* cannot be proved at this time. The policy conditions required for replacement cost *coverage* have not yet been met. But just because the requirements for replacement cost *coverage* under the terms of the Lloyd's policy have not been met does not mean that replacement cost cannot be taken into consideration in estimating actual cash value. Penthouse apparently misunderstood my prior rulings

to prohibit the use of replacement cost in the actual cash value estimate for the insured property.

To remedy the effect of this misunderstanding, by order [304] entered on January 29, 2009, I granted Penthouse an extension of time to supplement its expert opinions regarding the actual cash value of the insured property at the time of the loss. In light of this order, Winfree's original estimate, made without reference to replacement cost, is now irrelevant and inadmissible.

Accordingly, it is

**ORDERED**

That the motion [292] *in limine* of Certain Underwriters at Lloyd's, London to exclude the testimony of Martin Winfree estimating the actual cash value of the insured property without reference to its replacement cost is hereby **GRANTED**.

**SO ORDERED** this 10th day of March, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE