UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PENTHOUSE OWNERS ASSOCIATION, INC.**                              **PLAINTIFF**

**V.**                          **CIVIL ACTION NO.1:07CV568 LTS-RHW**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER ON MOTION *IN LIMINE*
TO EXCLUDE CERTAIN ANTICIPATED TESTIMONY BY CAROL WEAVER,
THE CORPORATE REPRESENTATIVE OF McGRIFF, SEIBLES, AND WILLIAMS**

The Court has before it the motion [272] *in limine* of Penthouse Owners Association, Inc. (Penthouse) to exclude certain anticipated testimony by Carol Weaver (Weaver) a representative of McGriff, Seibles, and Williams (MSW), the insurance brokerage firm that acted as one of the intermediaries in binding the coverage at issue in this suit, the policy issued by Certain Underwriters at Lloyd's, London (Lloyd's). Weaver testified on behalf of MSW in its corporate deposition taken November 19, 2008.

Penthouse anticipates that Weaver will be called at trial to testify concerning three issues: 1) the interpretation of the policy Lloyd's issued to Penthouse and of other insurance policies; 2) the calculation of the premium Lloyd's charged for the Penthouse coverage; and 3) the value of the insured property at the time of loss.

### Policy Interpretation

The interpretation of a policy of insurance is a matter of law, and it is the Court's responsibility to construe the terms of the policy at issue. *United States Fidelity and Guaranty Co. v. Omnibank*, 812 So.2d 196 (Miss. 2002); *Gore v. American Motorists Insurance Co.*, 441 F.2d 10 (5th Cir.1971). The Court does not ordinarily resort to extrinsic evidence in discharging this duty, and as far as the interpretation of the terms of the policy in this case is concerned, no such extrinsic evidence will be received, from Weaver or any other witness for that purpose.

Lloyd's asserts that Weaver's testimony may be relevant to the issue of mutual mistake. *See: Johnson v. Consolidated Am. Life Ins. Co., 244 So.2d 400 (Miss.1971).* Lloyd's also asserts that Weaver's testimony may support its contention that Penthouse deliberately underinsured its property, giving Lloyd's grounds for avoiding the obligations created by this insurance contract.

In my view, Weaver may be called by either party to respond to questions concerning her role in the procurement of this policy and other facts within her first-hand knowledge, but Weaver may not venture an opinion on the proper interpretation of the policy provisions. If Weaver's testimony concerning her understanding of the policy terms is elicited for the light it may shed on the defense of mutual mistake, it will be admitted. I will therefore grant the Penthouse motion to exclude Weaver's testimony concerning the interpretation of this policy, subject to this exception.

### Calculation of the Lloyd's Premium

The method by which the Lloyd's premium was calculated is of doubtful relevance, and proof of the calculation could only be offered by an individual with first-hand knowledge of the Lloyd's underwriting procedures. Since MSW's representative testified that she had no such first-hand knowledge, her testimony on this point is inadmissible. Lloyd's has represented to the Court that it has no intention of making an inquiry into this subject.

### Value of the Insured Property

The Lloyd's policy provides for coverage on alternative methods of valuation, both of which are subject to the stated policy limits: 1) replacement cost, or 2) actual cash value. Both methods begin with the cost to replace the insured property with materials of like kind and quality. In the event the insured property has in fact been replaced and other relevant policy requirements have been met (notification of the intention to make a replacement cost claim within 180 days after the loss and repair or replacement as soon as reasonably possible after the loss), the policy provides for the recovery of the lower of the actual replacement cost incurred or the policy limits. If the property has not been replaced or if these other policy requirements (notification of the intention to make a replacement cost claim within 180 days after the loss and repair or replacement as soon as reasonably possible after the loss) have not been met, the policy provides for recovery on a cash value basis, i.e. the cost of replacing the building with materials of like kind and quality less the depreciation the insured buildings had experienced by the date of loss. In other words, valuation on an actual cash value basis takes depreciation into consideration while valuation on a replacement cost basis does not take depreciation into consideration.

The valuation issue is an appropriate subject for expert testimony, and unless a witness has been properly qualified and identified as an expert and the relevant opinions and grounds therefor have been disclosed, in accordance with the applicable rules of procedure, the expert may not give an opinion on the issue of value. Weaver acknowledged having no personal knowledge of the value of the insured property on the date of loss (MSW Deposition Page 64, Lines 17 - 23). Thus, unless Weaver has been qualified as an expert, she will not be allowed to express an opinion on the issue of value.

Weaver may, however, have other information that may be relevant to the valuation issue. Weaver was directly involved in the process of applying for and securing the Lloyd's coverage. To the extent that Penthouse representatives made statements to Weaver concerning the value of the insured property, these statements are admissible on the issue of valuation, assuming a proper predicate is established to show that the statements are evidentiary admissions or statements against interest.

Accordingly, it is hereby

**ORDERED**

That the motion [272] *in limine* of Penthouse Owners Association, Inc., to exclude the testimony of Carol Weaver, the representative of McGriff, Seibels, and Williams, on the issue of policy interpretation is **GRANTED** in accordance with, and subject to, the exceptions noted above.

The motion [272] is **GRANTED** as to any testimony by the representative of McGriff, Seibles, and Williams concerning the calculation of the premium Certain Underwriters at Lloyd's, London charged for the policy at issue; and

The motion [272] is **GRANTED** as to any expert testimony by Carol Weaver, the representative of McGriff, Seibles, and Williams, concerning the actual cash value of the insured property at the time of loss. This ruling does not preclude the representative's testimony concerning her role in the procurement of the policy at issue nor does it preclude testimony concerning any statements made to her by representatives of Penthouse Owner's Association, Inc., during the procurement process or during the time the loss was being adjusted.

**SO ORDERED** this 11th day of March, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE