UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PENTHOUSE OWNERS ASSOCIATION, INC.                                    PLAINTIFF

V.                                                CIVIL ACTION NO. 1:07cv568-LTS-RHW

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON                              DEFENDANT

## **ORDER**

This order disposes of Plaintiff's motions aimed at excluding at trial Defendant's expert witnesses, opinions, and evidence that were not relied upon at the time of the denial of the insurance claim that is the centerpiece of this cause of action. Identical motions on this issue appear at docket entries [312] and [314], with the former treated as a motion *in limine* and the latter a motion to strike.

Plaintiff's motions are based on the idea that Defendant must limit the evidence it presents to the information it had at the time of the denial of the claim. It is true that in a previous Memorandum Opinion (docket entry [189]) this Court relied on *Sobley v. Southern Natural Gas Co.*, 302 F.3d 325 (5th Cir. 2002) (*Sobley II*) to observe as follows:

> [*Sobley II*] held that regardless of the reason it originally gave the policyholder for denying a claim, an insurer may defend on the merits of the claim based on any policy defense it may have. This holding is relevant to the first phase of a trial in which the issue is the plaintiff's claim for compensatory damages.
>
> In the second phase of the trial, when evidence on the issue of punitive damage is presented, the validity of the defendant's decision to deny the claim must be evaluated in light of the information in the defendant's hands at the time the claim was denied. This is the information the Court and ultimately the jury may consider in determining whether the insurer had a legitimate or arguable reason for denying the claim.
>
> Accordingly, I will permit [Defendant] to present any policy defense it has at the time of trial, and I will allow [Defendant] to present any relevant and otherwise admissible evidence in support of these defenses in the first phase of the trial. If the jury returns a verdict in favor of Penthouse and the trial proceeds to a second phase, I will consider, and I will instruct the jury to consider, only the facts in [Defendant's] hands at the time the claim was denied in order to decide the question: did [Defendant] have a legitimate or arguable reason for its denial of the [Plaintiff's] claim at the time the denial was made?

> . . . On this . . . issue [of gross negligence or reckless disregard of the rights of Plaintiff in handling the claim], I will allow [Defendant] to present any relevant and otherwise admissible evidence that sheds light on its decisions at any stage of the claims handling process.  I must allow this evidence because [Defendant] has a continuing duty to fairly evaluate the [Plaintiff's] claim even after litigation has begun . . .

See also *Gregory v. Continental Insurance Co.*, 575 So. 2d 534 (Miss. 1991).

Of course, this [189] Opinion's reference to the particular phases of the trial has been affected by the Court's [304] Order of Clarification on the Issues of Liability and the Measure of Contract Damages.

While Defendant may not prevent Plaintiff from introducing evidence concerning the manner in which the claim was handled or the conclusions that were reached, neither may Plaintiff prevent Defendant from introducing evidence outside the claim file even if developed in the context of the litigation, i.e. the entire claim evaluation process pre- and post- suit.  Indeed, in *Broussard v. State Farm Fire and Casualty Co.,* 523 F.3d 618 (5th Cir. 2008), State Farm retained experts following the institution of litigation who were allowed to testify as to their opinion of the hurricane loss.  In the meantime, Plaintiff's [312] [314] motions are not well taken.

Accordingly, **IT IS ORDERED**:

Plaintiff's [312] Motion *in limine* to Exclude Defendant's Expert Witnesses, Opinions, and Other Evidence that were not Relied Upon at the Time of the Claim Denial is **DENIED**;

Plaintiffs' [314] Motion to Strike Defendant's Expert Witnesses, Opinions, and Evidence that were not Relied Upon at the Time of the Claim Denial is **DENIED**.

**SO ORDERED** this the 12th day of March, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE