IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PENTHOUSE OWNERS ASSOCIATION, INC.**                    **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 1:07CV568-HSO-RHW**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON**              **DEFENDANT**

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF NET WORTH INFORMATION, OR, IN THE ALTERNATIVE, MOTION TO DEEM DEFENSE TO EXCESSIVE PUNITIVE DAMAGES WAIVED

Plaintiff Penthouse Owners Association, Inc. ("Plaintiff" or "Penthouse"), by and through counsel of record, submits this *Memorandum of Law in Support of its Motion to Compel Production of Net Worth Information, or, In the Alternative, Motion to Strike Defense to the Amount of a Punitive Damage Award,* as follows:

### I. INTRODUCTION

Penthouse asks the Court to compel Defendants Certain Underwriters at Lloyd's, London (collectively referred to as "Defendants" or "Lloyd's") to supplement their initial disclosures to meet the requirements of Rule 26 (a)(1)(A)(ii). Specifically, Penthouse asks the Court to compel Defendants to disclose and produce documents exhibiting the net worth of each of the Names under the subject insurance policy. Penthouse has conferred with Defendants regarding this issue, but Defendants have refused to produce the requested documents. Penthouse is entitled to those documents, and this motion to compel should be granted. In the alternative, Penthouse asks that the Court strike any defense or contest by Defendants to the amount of a punitive damage award, and deem Defendants to have waived any such defense.

1

## II. FACTS

1.  This cause of action relates to Penthouse's insurance claim under its policy (Policy No. AL1111—"Penthouse's Policy") through Defendants. Penthouse's insured property was completely destroyed by Hurricane Katrina, and Defendants paid no insurance benefits to Penthouse related to its Katrina claim. Plaintiff's complaint asserts claims for bad faith breach of contract and punitive damages.

2.  Under Penthouse's Policy, eight "Names"[1] subscribe to the four contract numbers concerning the Policy, with those eight Names agreeing to share risk and accept premium's in accordance with Penthouse's Policy's *Collective Certificate Endorsement* and *Schedule of Participating Underwriters at Lloyd's*. (*See D.E. 253*, Exhibit "1," at CJ 000001947, 000001950-55).

3.  Penthouse sent a good faith letter to Defendants asking them to produce net worth information related to each of the Names. Defendants responded to that request and refused to produce those documents and information. Penthouse did not seek to compel the information at that time because this matter was on appeal and this Court was temporarily without jurisdiction.

4.  On August 11, 2010, Penthouse sent another good faith letter to Defendants again asking for the Names' net worth information. Defendants responded by again refusing to produce that information. A *Good Faith Certificate* is attached as "Exhibit 1" showing Defendants oppose the issues raised in this motion.

---

[1] Namely 0033-HIS, 510-KLN, 1206-GER, 780-ADV, 1245-JAT, 2010-MMX, 2488-AGM and 4444-CAN.

## III. RELEVANT LAW

Rule 26 of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> *Rule 26. Duty to Disclose; General Rules Governing Discovery*
>
> *(a) Required Disclosures*
>
> *(1)      Initial Disclosures.*
>
> > *(A) In General. Except as exempted by Rule 26 (a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:*
> >
> > *  *  *
> >
> > > *(ii) a copy – or a description by category or location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.*

If a party fails to make the disclosures required by Rule 26 (a), the party is not allowed to use the information or witnesses on a motion, hearing or at trial, unless the failure was substantially justified or is harmless. Fed. Rule Civ. Proc. 37 (c).

Mississippi Code Annotated § 11-1-65 provides in relevant part as follows:

> *Punitive Damages*
>
> *(3)(a)  In any civil action where an entitlement to punitive damages shall have been established under applicable laws, no award of punitive damages shall exceed the following:*
>
> > *(i) Twenty Million Dollars ($20,000,000.00) for a defendant with a net worth of more than One Billion Dollars ($1,000,000,000.00);*

*(ii) Fifteen Million Dollars ($15,000,000.00) for a defendant with a net worth of more than Seven Hundred Fifty Million Dollars ($750,000,000.00) but not more than One Billion Dollars ($1,000,000,000.00);*

*(iii) Five Million Dollars ($5,000,000.00) for a defendant with a net worth of more than Five Hundred Million Dollars ($500,000,000.00) but not more than Seven Hundred Fifty Million Dollars ($750,000,000.00);*

*(iv) Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000.00) for a defendant with a net worth of more than One Hundred Million Dollars ($100,000,000.00) but not more than Five Hundred Million Dollars ($500,000,000.00);*

*(v) Two Million Five Hundred Thousand Dollars ($2,500,000.00) for a defendant with a net worth of more than Fifty Million Dollars ($50,000,000.00) but not more than One Hundred Million Dollars ($100,000,000. 00); or*

*(vi) Two percent (2%) of the defendant's net worth for a defendant with a net worth of Fifty Million Dollars ($50,000,000.00) or less.*

*(b) For the purposes of determining the defendant's net worth in paragraph (a), the amount of the net worth shall be determined in accordance with Generally Accepted Accounting Principles.*

## IV. ARGUMENT

Because net worth information may be used under Mississippi Code Section 11-1-65 as a defense to the amount of a punitive damage award, Defendants are obligated to disclose to Penthouse net worth information related to each of the Names. Defendants should be compelled to disclose and produce the documents demonstrating the net worth information for each of those Names. In the alternative, the Court should deem Defendants to have waived any defense to the amount of a punitive damage award and the Court should strike any such defense.

Rule 26 requires Defendants to disclose documents, stored information and tangible things that they may use to support their claims or defenses, unless the use would be solely for impeachment. Fed. Rule Civ. Proc. 26 (a)(1)(A)(ii). Under Mississippi Code Section 11-1-65 (3), the net worth of defendant(s) may be used as an affirmative defense to the amount of a punitive damage award. Miss. Code Section 11-1-65 (3). Defendants here the burden of proving avoidance, special or affirmative defenses as a ground for denying relief sought by Plaintiff. *Hinton v. McKee*, 329 So.2d 519, 520 (Miss. 1976).

The Mississippi Code allows a defendant to assert its net worth as a defense to the amount of a punitive damage award based on the schedule outlined therein. *See* Miss. Code Section 11-1-65. Because Defendants may use its net worth as an affirmative defense, they have the obligation under Rule 26 (a)(1)(A)(ii) to produce a copy and description of documents demonstrating the net worth of each of the Names under Penthouse's Policy.

Defendants failed to comply with those requirements of Rule 26 (a)(1)(A)(ii). Accordingly, Defendants should be compelled to produce a copy and description of documents demonstrating the net worth of each of the Names.

In the alternative, should the Court not require Defendants to produce the documents, things and information requested herein, Plaintiff asks the Court to strike any defense by Lloyds to the amount of a punitive damage award and deem such a defense waived. Lloyds has the obligation to produce documents upon which it may rely to support its defenses and the burden of proving its affirmative defenses. Rule 26 (a)(1)(A)(ii); *see also Hinton*, 329 So.2d at 520. Rule 37 of the Federal Rules of Civil Procedure also provides that a party cannot use documents and things in a trial, motion or hearing that the party did not disclose as required by Rule 26 (a).

Further, Mississippi Code Section 11-1-65 provides that, among other factors, the Court "shall take into consideration...the financial condition and net worth of the defendant" in reviewing the amount of a punitive damage award for reasonableness. Miss. Code Section 11-1-65 (1)(f)(ii)(3). As such, if Defendants are not compelled to produce net worth information, this Court will not have the information it is statutorily required to review in determining the reasonableness of any punitive damage award.

Accordingly, if Defendants are not ordered to produce the information sought in this motion, the Court should strike any defense by Defendants to the amount of a punitive damage award, and deem Defendants to have waived any defense to the amount of a punitive damage award under Mississippi Code Section 11-1-65. Striking the defense is required under Rules 26 and 37, as Defendants should be prohibited from introducing that information at trial. Further, Defendants will have unjustifiably deprived the Court of the information required to be reviewed in making a punitive damage determination and deprived Plaintiff of documents Defendants may use in support of its defenses.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Penthouse Owners Association respectfully asks that this Court compel Defendants to comply with the requirements of F.R.C.P. 26 (a)(1)(A)(ii) and to produce copies and descriptions of all documents, things and information demonstrating the net worth of each of the Names under Penthouse's Policy. In the alternative, Plaintiff respectfully asks that the Court strike any defense by Defendants to the amount of a punitive damage award and deem Defendants to have waived any such defense.

RESPECTFULLY SUBMITTED on this the 16th day of August, 2010.

PLAINTIFF

PENTHOUSE OWNERS ASSOCIATION, INC.

By:     _/s/Gary Yarborough, Jr._____
        Gary Yarborough, Jr. (MS Bar No. 102310)
        Hesse & Butterworth, PLLC
        841 Highway 90
        Bay St. Louis, MS 39520
        Telephone: (228) 466-0020
        Facsimile: (228) 466-0550

**OF COUNSEL:**

John W. (Don) Barrett (MS Bar No. 2063)
David Malcolm McMullan, Jr.
Barrett Law Offices
Post Office Box 987
Lexington, MS  39095
Telephone: (662) 834-2376
Facsimile: (662) 834-2628


Dewitt M. Lovelace (MSB No. 1449)
Lovelace Law Firm, P.A.
36474 Emerald Coast Parkway, Suite 4202
Destin, FL  32541
Telephone: (850) 837-6020
Facsimile: (850) 837-4093

Zach Butterworth (MS Bar No. 9946)
Gary Yarborough, Jr. (MS Bar No. 102310)
Hesse & Butterworth, PLLC
841 Highway 90
Bay St. Louis, MS 39520
Telephone: (228) 466-0020
Facsimile: (228) 466-0550

Thomas Thrash
Thrash Law Firm
1101 Garland Street
Little Rock, AR 72201
Tel. (501) 374-1058
Facsimile: (501)374-1058

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel does hereby certify that he has on this date served the above and foregoing document on all counsel of record via the Court's ECF system:

ON THIS the 16th day of August, 2010.

__/s/Gary Yarborough, Jr._____