# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| PENTHOUSE OWNERS ASSOC., INC. § | | PLAINTIFF |
| § | | |
| v. § | Civil No. 1:07CV568-HSO-RHW | |
| § | | |
| CERTAIN UNDERWRITERS AT § | | |
| LLOYD'S, LONDON § | | DEFENDANT |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF NET WORTH INFORMATION, AND DENYING PLAINTIFF'S ALTERNATIVE MOTION TO STRIKE DEFENSE AS TO AMOUNT OF A PUNITIVE DAMAGE AWARD

BEFORE THE COURT are the Motions to Compel Production of Net Worth Information [359] and, Alternatively, to Strike Defense as to Amount of a Punitive Damage Award [361], filed by Plaintiff Penthouse Owners Association, Inc. ["Plaintiff" or "Penthouse"], on August 16, 2010. Defendant Certain Underwriters at Lloyd's, London ["Underwriters" or "Defendant"], has filed a combined Response [368] to these Motions, and Plaintiff a Reply [370]. After consideration of the Motions, the pleadings, the record in this case, and the relevant legal authorities, the Court finds that the Motion to Compel should be granted in part and denied in part, and that the alternative Motion to Strike should be denied.

### I. PROCEDURAL HISTORY

Plaintiff instituted this litigation by filing a Complaint in this Court on April 24, 2007. Compl. [1]. The initial Scheduling Order [8] provided that discovery was due by February 15, 2008. By this Court's Text Order dated February 14, 2008, the discovery deadline was extended until March 21, 2008. The Court entered an

Amended Text Only Scheduling Order on February 26, 2008, extending discovery until April 9, 2008. On May 8, 2008, the Court entered an Order [125] reopening discovery for the limited purpose of taking Underwriters' deposition, which was to occur on or before May 30, 2008. On August 1, 2008, the Court entered an Order [210], which in relevant part, directed the Magistrate Judge to reopen discovery and to set new expert disclosure and trial dates. *See* Order [210], at p. 3. The Court entered a Text Only Amended Scheduling Order on August 7, 2008, directing that all discovery was due by December 15, 2008.

On March 16, 2009, the case was reassigned to the undersigned. *See* Order Reassigning Case [338]. On July 7, 2009, the Court entered an Order [347] granting Underwriters leave to file an interlocutory appeal related to the Court's Order [166] filed July 2, 2009, denying Underwriters' Motion for Summary Judgment and other related rulings. *See* Order [347]. The United States Court of Appeals for the Fifth Circuit granted Underwriters' Motion for Leave to Appeal. *See* Fifth Cir. Order [350]. A certified copy of the Judgment of the Court of Appeals [357], which reversed in part, vacated in part, and remanded the cause to this Court, was filed on August 9, 2010. Plaintiff then filed the instant Motions on August 16, 2010. The discovery period, which closed on December 15, 2008, has never been extended or reopened.

## II.  DISCUSSION

Plaintiff seeks to compel Underwriters to supplement its Initial Disclosures to purportedly satisfy the requirements of Federal Rule of Civil Procedure

26(a)(1)(A)(ii).  Specifically, Plaintiff asks the Court to compel Underwriters to disclose the net worth of each of the "Names" under the subject insurance policy. Mots., at p. 1.  In the alternative, Plaintiff asks the Court to strike any defense or contest by Underwriters as to the amount of a punitive damage award, and deem any such defense waived.  *Id.*  Underwriters counter that Plaintiff's Motion to Compel is untimely, that "net worth" is not required as part of a defendant's Rule 26 initial disclosures, and that evidence of "net worth" prior to the time of trial is irrelevant before the issue of punitive damages is actually submitted to the jury. Resp., at pp. 2–6.

      The Court agrees that Plaintiff's Motion is untimely, and that "net worth" is generally not required in a defendant's initial disclosures.  Three versions of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi have been in effect during the pendency of this lawsuit.  The Court is not persuaded that Underwriters' disclosure of their net worth was required under any version of Local Rule 26 or 26.1, or of Federal Rule of Civil Procedure 26, in effect during this litigation.  As Underwriters point out, Mississippi law places a cap on punitive damages.  This cap constitutes a statutory limitation on the amount of a punitive damages award.  Miss. Code § 11-1-65(3)(a). The record reflects that Plaintiff has never made a specific discovery request seeking Underwriters' net worth.  Moreover, the relevant inquiry is Underwriters' net worth at the time of trial or judgment.  *See Franklin Corp. v. Tedford*, 18 So. 3d 215, 242 (Miss. 2009) (stating that "[t]his Court previously has considered the net

worth of a defendant *at the time of trial*," and holding that lower court's application of defendant's net worth at the time of judgment was proper) (emphasis in original) (*citing Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 445 (Miss. 1999)). Based on the foregoing, the Motion to Compel will be denied in part, to the extent it seeks discovery of Underwriters' net worth prior to trial.

The Court recognizes that Underwriters' net worth and financial condition may later become relevant, insofar as Plaintiff has brought a claim for punitive damages. *See* Miss. Code. § 11-1-65(1)(e), (f)(ii)(3), (3)(a). As this Court has previously explained:

> Fair and reasonable parameters of discovery on the issue of the net worth of a defendant is a difficult issue for a court. Certainly, where punitive damages are appropriate, the wealth of a defendant is a legitimate element of inquiry and proof. A plaintiff should be allowed an adequate opportunity to prove a legitimate punitive damage claim. On the other side of the balance, by simply inserting a claim for punitive damages in a pleading, a plaintiff should not be able to have *carte blanche* access to the private financial life of a defendant. A reasonable balance is struck by requiring the defendant to bring to trial a sworn financial statement, fairly outlining, under the penalty of perjury, the defendant's assets, liabilities, and net worth. Thus, the Motion will be granted to the extent that the financial statement shall be held and maintained as private by the Defendant and the Defendant's attorney until such time as the court rules that punitive damages are an appropriate subject for the jury's consideration.

*Francois v. Colonial Freight Systems, Inc.*, No. 3:06CV434BA, 2007 WL 679998, *4 (S.D. Miss. 2007).

Though Plaintiff did not make a specific discovery request for this information, the Court will follow the approach taken in *Francois*. The Motion to Compel will therefore be granted in part, to the extent Plaintiff seeks a sworn

financial statement available at trial.  Underwriters shall bring to trial sworn financial statements, fairly outlining, under the penalty of perjury, each of their assets, liabilities, and net worth, determined in accordance with Mississippi Code § 11-1-65.  The financial statements shall be held and maintained as private by Underwriters and their counsel until such time as the Court rules that punitive damages are an appropriate subject for the jury's consideration, should that occur.

With respect to Plaintiff's alternative request that the Court strike Underwriters' defense to a punitive damages award, even assuming that Mississippi's statutory cap on punitive damages were a defense which could be waived, because Plaintiff has not demonstrated that Underwriters committed any discovery violation on this point, the Court will deny Plaintiff's alternative Motion to Strike Underwriters' defense to the amount of punitive damages award.

### III.  CONCLUSION

For the reasons stated more fully herein, Plaintiff's Motion to Compel will be granted in part and denied in part, and Plaintiff's Motion to Strike will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion to Compel Production of Net Worth Information [359] filed on August 16, 2010, should be and hereby is **DENIED IN PART**, to the extent that it seeks disclosure of Underwriters' net worth prior to trial, and **GRANTED IN PART**, to the extent that it seeks such disclosure if and when the Court rules that punitive damages are an appropriate subject for the jury's consideration.  Underwriters shall bring to trial sworn financial statements, fairly outlining, under the penalty of

perjury, each of their assets, liabilities, and net worth, determined in accordance with Mississippi Code § 11-1-65.  The financial statements shall be held and maintained as private by Underwriters and their counsel until such time as the Court rules that punitive damages are an appropriate subject for the jury's consideration, should that occur.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's alterative Motion to Strike Defense as to Amount of a Punitive Damage Award [361], filed on August 16, 2010, should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 11th day of January, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE