IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PENTHOUSE OWNERS ASSOC., INC. § | | PLAINTIFF |
| § | | |
| v. § | Civil No. 1:07CV568-HSO-RHW | |
| § | | |
| CERTAIN UNDERWRITERS AT § | | |
| LLOYD'S, LONDON § | | DEFENDANT |

**FINAL JUDGMENT**

This action came on for trial before the Court and a jury on the 14th day of February, 2011, and concluded on the 24th day of February, 2011, Honorable Halil Suleyman Ozerden, United States District Judge, presiding, and the issues having been duly tried and the jury having heard all of the evidence and argument of counsel and received instructions of the Court, including a Special Verdict Form, retired to consider their verdict and returned upon their oaths, into open Court, the following unanimous verdict, to wit:

**Question Number One:**

Do you find, by a preponderance of the evidence, that Penthouse's condominium complex buildings, which were insured with Underwriters, suffered some damage during Hurricane Katrina caused by wind acting independently?

Yes  ✔

No  ___

*If you answer "Yes," please proceed to Question Number Two.*
*If you answer "No," please proceed to Part II on Page 4.*

**Question Number Two:**

We, the Jury, find by a preponderance of the evidence that Penthouse's three buildings insured with Underwriters had an actual cash value at the time of Hurricane Katrina on August 29, 2005, as follows:
(Please answer in dollars and cents.)

A. Building 1 ("storage building") had an actual cash value of $17,500.00.

B. Building 2 ("condominium buildings," or the three main buildings in a horseshoe or "U" shape) had an actual cash value of $7,525,891.00.

C. Building 3 ("pool house" or "recreation center") had an actual cash value of $73,515.00.

*Please proceed to Question Number Three.*

**Question Number Three:**

We, the Jury, find by a preponderance of the evidence that the damages, in terms of actual cash value at the time of Hurricane Katrina, caused by wind acting independently which were suffered by Penthouse as to each of the three buildings, were as follows:
(Please answer in dollars and cents, if any, or write "none." Your answer for each building may not exceed the actual cash value you assigned that building in Question Number Two.)

A. Damage to Building 1 ("storage building") caused by wind acting independently was $17,500.00.

B. Damage to Building 2 ("condominium buildings," or the three main buildings in a horseshoe or "U" shape) caused by wind acting independently was $1,982,445.10.

C. Damage to Building 3 ("pool house" or "recreation center") caused by wind acting independently was $11,757.10.

*Please proceed to Part II on Page 4.*

Special Verdict Form [411], at pp. 1–3.

Based upon the jury's verdict, the Court in its Memorandum Opinion and Order [440], dated December 21, 2011, calculated Plaintiff's total compensatory damages under the Policy as $1,832,602.20.

After the jury returned its verdict, the Court commenced a hearing and found

that, in addition to the compensatory damages award, Plaintiff is entitled to recover extra-contractual damages in the form of attorneys' fees and expenses, along with prejudgment interest.  In its Memorandum Opinion and Order [441], dated December 21, 2011, the Court determined that Plaintiff is entitled to recover reasonable attorneys' fees of $1,922,487.25, expenses of $234,800.73, and prejudgment interest of $954,245.31, for a total of $3,111,533.29 in extra-contractual damages, in addition to post-judgment interest on the entire Judgment from the date of entry of Final Judgment until paid, at the statutory rate as prescribed by 28 U.S.C. §1961.

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that Plaintiff Penthouse Owners Association, Inc., shall recover from Defendant Certain Underwriters at Lloyd's, London, compensatory damages in the amount of $1,832,602.20, and extra-contractual damages in the amount of $3,111,533.29, for a total Judgment of $4,944,135.49.

**IT IS, FURTHER, ORDERED AND ADJUDGED,** that Plaintiff Penthouse Owners Association, Inc., shall recover from Defendant Certain Underwriters at Lloyd's, London, post-judgment interest on the entire Judgment from the date of entry of Final Judgment until paid, at the statutory rate as prescribed by 28 U.S.C. §1961.

**SO ORDERED AND ADJUDGED**, this the 21st day of December, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

3